**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CARLA CAROLINA REYES CARMONA, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. CIV-26-1140-PRW |
| FRED FIGUEROA, et al., | ) ) | |
| Respondents. | ) ) | |

## ORDER

Before the Court is Petitioner's Amended Motion for Temporary Restraining Order (Dkt. 5), seeking an order directing Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) or, alternatively, release her from custody. For the following reasons, the Court **DENIES** the Motion (Dkt. 5).

### Background

The Motion (Dkt. 5) arises out of a habeas petition, filed pursuant to 28 U.S.C. § 2241(c)(3).[1] Petitioner entered the United States in or about September 2021.[2] Petitioner provides no further information about her entrance into the United States. On April 2, 2026, 2026, ICE detained Petitioner and did not provide her with a bond hearing pursuant to 8 U.S.C. § 1225(b)(2)(A).[3] Petitioner, however, believes she should have been detained

---

[1] "Challenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004).

[2] Pet. (Dkt. 1), at 5.

[3] *Id.* at 6.

1

pursuant to 8 U.S.C. § 1226(a), which doesn't require detention and permits bond when detention occurs, and thus he requests that he either receive a detention hearing or be released.[4]

### *Legal Standard*

Temporary restraining orders ("TRO") and preliminary injunctions are extraordinary remedies meant to preserve the status quo while the parties litigate the merits of the movant's underlying claims.[5] The Court may enter a TRO or preliminary injunction if (1) Petitioner is substantially likely to succeed on the merits; (2) Petitioner will suffer irreparable injury if the injunction is denied; (3) Petitioner's threatened injury outweighs the threatened harm to the party whom he seeks to enjoin; and (4) the injunction would not be adverse to the public interest.[6] As the movant, Petitioner bears the burden to establish that each of these factors tip in her favor.[7]

The Tenth Circuit identifies three kinds of disfavored preliminary injunctions: those that (1) disturb the status quo; (2) are mandatory as opposed to prohibitory; and (3) afford the movant substantially all the relief he may recover at the conclusion of a full trial on the merits.[8] "Such disfavored injunctions must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the

---

[4] *Id.* at 3.

[5] *Amoco Oil Co. v. Rainbow Snow*, 748 F.2d 556, 557 (10th Cir. 1984).

[6] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 9 (2008).

[7] *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003).

[8] *Rudnick v. Raemisch*, 731 F. App'x 753, 755 (10th Cir. 2018) (citing *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258-59 (10th Cir. 2005)).

normal course."[9] Here, Petitioner requests a mandatory injunction that would both alter the status quo and provide her with the same primary relief requested in her Petition for Writ of Habeas Corpus (Dkt. 1). Because such injunctions are "disfavored," Petitioner must make a "strong showing both with regard to the likelihood of success on the merits and with regard to the balance of the harms, and may not rely on [the Tenth Circuit's] modified likelihood-of-success-on-the-merits standard."[10]

## *Discussion*

### I.    **Petitioner is unlikely to succeed on the merits.**

Petitioner cannot demonstrate that she satisfies the most important factor the Court considers in granting interim relief. In her Motion (Dkt. 5), Petitioner argues that she is a member of the bond eligible class from *Maldonado Bautisa* and that her detention violates the Due Process Clause. Because Petitioner can make no showing she will succeed on the merits for either claim, a TRO and preliminary injunction is not appropriate.

### A.    **This Court will not enforce *Maldonado Bautista*.**

Petitioner relies on *Maldonado Bautista v. Santacruz* to assert that she is a member of a class certified by the United States District Court for the Central District of California and is therefore entitled to a bond hearing under § 1226(a).[11] For the reasons outlined by this Court in *Villanueva Machado v. Holt*, the Court finds that it is not bound by the

---

[9] *Id.* (quoting *Schrier*, 427 F.3d at 1259).

[10] *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 976–77 (10th Cir. 2004).

[11] *See Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025).

*Maldonado Bautista* orders.[12] Petitioner makes no other argument to demonstrate that Respondents violated the Immigration and Nationality Act.

### B.    Petitioner has failed to show a due process violation.

Petitioner summarily asserts that her detention violates the Fifth Amendment's Due Process Clause. Although she claims that her re-detention occurred without notice and without any intervening change in circumstances, she offers no legal authority or reasoning to demonstrate that such circumstances amount to a due process violation. It is not the Court's role to develop legal arguments on a party's behalf, especially where that party bears the heightened burden of establishing a strong likelihood of success on the merits.

## II.    Petitioner has failed to demonstrate irreparable harm.

Petitioner's Motion (Dkt. 5) casts her irreparable harm as being one of unlawful detention.[13] But because Petitioner has not demonstrated that her detention is unlawful, she has failed to demonstrate cognizable irreparable harm.

## III.    The balance of the equities and public interest do not tip in Petitioner's favor.

Finally, because the Court finds Petitioner suffers no legally cognizable injury, the equities and public interest weigh in favor of Respondents' continued enforcement of the nation's immigration laws.

---

[12] *Villanueva Machado v. Holt*, No. CIV-25-1315-PRW, 2026 WL 817241, at *2–3 (W.D. Okla. Jan. 13, 2026) (Wyrick, J.).

[13] Mot. (Dkt. 5), at 6.

*Conclusion*

Because Petitioner has not demonstrated that any of the necessary factors for preliminary relief cut in her favor, the Court **DENIES** the Motion (Dkt. 5).

**IT IS SO ORDERED** this 22nd day of June 2026.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE